UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER CUMMINGS,

                        Petitioner,                     Case No. 5:17-cv-10255
                                                        Hon. John Corbett O'Meara
v.

SHERMAN CAMPBELL,

                        Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Michigan prisoner Walter Cummings ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. On November 21, 2002, Petitioner was convicted in the Wayne Circuit Court after a jury trial of armed robbery and commission of a felony with a firearm, and he was sentenced to 225 months to 60 years imprisonment.[1] The petition raises a single claim: Petitioner's constitutional rights were violated by judicial fact-finding in scoring the sentencing guidelines. The Court finds that Petitioner's claim is without merit because it cannot be supported by clearly established Supreme Court law. Therefore, the petition will be summarily denied. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

---

[1]The Court notes that according to the Michigan Department of Corrections website, Petitioner is also serving four terms of 285 months to 60 years imprisonment for a June 26, 2002, judgment of sentence entered by the Wayne Circuit Court for a different set of armed robbery convictions. These sentences are not challenged in this action. The Court may take judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. See, i.e. *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 U.S. Dist. LEXIS 65999, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821-22 n. 3 (E.D. Mich. 2004).

## I. Background

Following his conviction and sentence Petitioner was appointed appellate counsel who filed an appeal of right. Petitioner's brief on appeal challenged the jury instructions, argued that the trial judge should have disqualified herself from presiding over his case, and asserted that the sentencing guidelines were improperly scored. The Court of Appeals affirmed. *People v. Cummings*, No. 246883 (Mich. Ct. App. May 11, 2004). Petitioner appealed this decision to the Michigan Supreme Court, but his application for leave to appeal was denied on December 29, 2004. *People v. Cummings*, No. 126478 (Mich. Dec. 29, 2004).

Petitioner filed a motion for relief from judgment, asserting what now forms his habeas claim sometime in 2015. The trial court denied the motion on January 12, 2016. Petitioner appealed, but the Michigan Court of Appeals found "defendant has failed to establish that the trial court erred in denying his motion for relief from judgment." *People v. Cummings*, No. 332980 (Mich. Ct. App. Aug. 22, 2016). The Michigan Supreme Court subsequently denied relief under Michigan Court Rule 6.508(D). *People v. Cummings*, No. 154387 (Mich. Sup. Ct. Jan. 5, 2017).

## II. Standard of Review

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary if the petition is frivolous, obviously lacks merit, or if the necessary facts can be determined from the petition itself

without considering a response from the State. See *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). The analysis of a petitioner's claim is limited to consideration of "the law as it was 'clearly established' by [Supreme Court] precedents at the time of the state court's decision,' *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court must have applied federal law in a way that is "objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).

### III. Analysis

Petitioner claims that the trial judge violated his Sixth Amendment right to a jury trial by using facts that had not been proven beyond a reasonable doubt or admitted by Petitioner to score the offense variables of the Michigan Sentencing Guidelines to determine his minimum sentence range.[2]

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. See *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is

---

[2]Under Michigan law, only the minimum sentence of an indeterminate sentence is determined by the sentencing guidelines. See *People v. Babcock*, 469 Mich. 247, 255, n. 7 (2003). The maximum term of an indeterminate sentence is set by statute. See *People v. Claypool*, 470 Mich. 715, 730, n. 14 (2004).

an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 133 S. Ct. at 2157-58.

At the time of Petitioner's conviction and sentence, *Harris* was the law, and *Alleyne* has not been made retroactive to cases on collateral review. See *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Because the Supreme Court did not require, at the time of Petitioner's conviction, that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, Petitioner cannot demonstrate entitlement to habeas relief. See *Gibson v. Tribley*, No. 10-13364, 2013 U.S. Dist. LEXIS 93404, 2013 WL 3353905, at * 8 (E.D. Mich. July 3, 2013).

Moreover, *Alleyne* is inapplicable to Petitioner's case because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." See *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); see also *United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (unpublished) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circui have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (unpublished) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors. . . ."). The same thing occurred in this case. The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide the question

4

whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished).

The Court is aware that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. See *People v. Lockridge*, 498 Mich. 358 (Mich. 2015). Petitioner cannot rely on *Lockridge* to obtain relief with this Court. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. See *Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 U.S. Dist. LEXIS 35151, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; See also *Perez v. Rivard*, No. 2:14-CV-12326, 2015 U.S. Dist. LEXIS 74211, 2015 WL 3620426, at *12 (E.D. Mich., June 9, 2015) (petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*).

Accordingly, Petitioner cannot demonstrate entitlement to habeas relief as a result of the scoring of his sentencing guidelines by the trial court, and his petition will therefore by summarily denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required

to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claim is completely devoid of merit. The Court will therefore deny a certificate of appealability.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

SO ORDERED.

s/John Corbett O'Meara
United States District Judge

Date:  January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 31, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager